IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 2:17-cv-02725 |
| | ) |
| AMERICAN MEDICAL RESPONSE OF TENNESSEE, INC., | )<br>)<br>) |
| Defendant. | ) |

## FIRST AMENDED COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Sonyaroi Carter.  As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission (Commission) claims Defendant Employer American Medical Response of Tennessee, Inc., (Defendant Employer or AMR), denied a religious accommodation to Sonyaroi Carter (Carter), an avowed Jehovah's Witness, retaliated against her, and terminated her employment because of her religious belief.  **This Amended Complaint is filed solely to correct Defendant Employer's name from AMERICAN MEDICAL RESPONSE to AMERICAN MEDICAL RESPONSE OF TENNESSEE, INC.**

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1

1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Employer, a corporation, has continuously been doing business in the State of Tennessee and the City of Memphis, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than 30 days prior to the institution of this lawsuit, Carter filed a charge of discrimination with the Commission alleging violation of Title VII by Defendant Employer.

7. On August 24, 2017, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe Defendant Employer violated Title VII and inviting Defendant Employer to join with the Commission in informal methods

of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

10. On September 7, 2017, the Commission issued to Defendant Employer a Notice of Conciliation Failure.

11. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

12. Since at least January 2015, Defendant Employer engaged in unlawful employment practices at its facility located at 6423 Shelbyview Drive, Suite #112, Memphis, TN 38134, in violation of Section 703 of Title VII, 42 U.S.C. 2000e-2(a)(1).

13. The unlawful employment practices include failing to provide a reasonable accommodation to Carter to allow her to worship on Sundays in accordance with her religious belief.

   a. On or around June 2014, Defendant Employer hired Carter as an Emergency Medical Technician (EMT).

   b. Carter is a member of the Jehovah's Witness faith and a resident of Memphis, Tennessee.

3

  c. Carter has a sincerely held religious belief that she must worship on a Sunday.

  d. During orientation, Carter asked Operations Manager Kenya Love Lawson (Lawson) whether she could have Sundays off because of her religious belief and practice.

  e. From Carter's hire in June 2014 until around January 2015, Defendant Employer honored Carter's religious belief and did not schedule her to work on Sundays.

  f. Around the end of January 2015, Defendant Employer began using a shift bid scheduling system based on seniority. Under the new shift bid scheduling system, Defendant Employer required employees to use the Telestaffing system to request time off.

  g. Around the end of January 2015, Tabitha Jones, supervisor, advised Carter that Defendant Employer had made a decision to no longer accommodate her religion because Defendant Employer was not obligated to provide an accommodation for Carter's religion.

  h. Jones told Carter that Operations Manager Lawson accommodated Carter in the past and decided she would not continue to make those accomodations because she did not make them for everyone.

  i. Jones believed because Defendant Employer had instituted shift bids based on seniority, Defendant Employer did not have to provide a reasonable accommodation for Carter's religious belief.

  j. When Carter realized she could not bid on a schedule that excluded

4

Sundays, Carter spoke to Lawson.

  k. Around March 20, 2015, Lawson explained to Carter she needed to find someone who worked on an opposite shift to work on Carter's Sundays. Lawson told Carter the only options for accommodating her Sundays were to find a swap that did not create overtime, or to take paid time off.

  l. Lawson told Carter she could not take off and call in when she was scheduled to work on Sunday and doing so would result in disciplinary action.

  m. Carter asked Martell Virgin to swap a day with her so she could avoid working on Sunday.

  n. Because Virgin worked Monday thru Friday, he agreed to work one Sunday per month for Charging Party.

  o. When Virgin mentioned the agreed swap to Lilly Jamison, another supervisor, Jamison told Virgin, "you don't have to worry yourself about that situation, we will take care of it."

  p. Carter began to experience problems requesting off on Sundays using Defendant Employer's automated scheduling system, Telestaff.

  q. Because Carter could not find a person to swap, and could not create overtime, Carter called off on several Sundays.

  r. Each time Carter missed work on a Sunday because of her religious belief, Lawson issued a corrective action, coaching and counseling, to Carter.

  s. On or around April 29, 2015, Carter complained to Charlotte Walls, human resources manager for the South (Walls).

  t. Around May 18, 2015, in response to Carter's complaint, Walls,

appeared in Memphis and met with Carter to address her religious belief.

  u. During the meeting held between Carter and Walls, Walls told Carter the regional director spoke with corporate about the religious accommodation.

  v. Walls told Carter corporate had determined Defendant Employer was not required to accommodate an employee's request not to work on Sundays for most religions because (1) Defendant is a 24/7 operation and the employee would have known that when they started working for Defendant; and (2) employees have alternative options to attending service on Sunday - attending service on another day or watching a service on televison.

  w. Walls also said because Defendant Employer employed other Jehovah's Witness, who did not request an accommodation, Defendant Employer would not provide a religious accommodation to Carter.

  x. Carter continued to experience problems with obtaining shift swaps and she called off by not reporting to work on Sunday because of her religious belief. Each time Carter called off from work on Sunday, Defendant Employer disciplined her for calling off.

  y. Defendant Employer allowed other employees to take off for matters relating to family, children and other matters.

  z. Defendant Employer never took any proactive action to assist Carter in taking off on Sunday because Defendant Employer believed the law did not require Defendant Employer to provide a reasonable accommodation to Carter.

  aa. Defendant Employer never told Carter that allowing her to take off on Sunday would pose an undue hardship. Defendant Employer simply believed because it

6

did not provide the accommodation for other employees, it did not have to provide the accommodation for Carter.

14. The effect of the unlawful employment practices complained of in paragraph 13 above has been to deprive Carter of equal employment opportunities and to otherwise adversely affect her employment status as an employee because of her religious belief.

## DISCHARGE CLAIM

15. Since at least June 2015, Defendant Employer engaged in unlawful employment practices at its facility located at 6423 Shelbyview Drive, Suite #112, Memphis, TN 38134, in violation of Section 703 of Title VII, 42 U.S.C. 2000e-2.

16. The unlawful employment practices include discharging Carter because of her religious belief and practice of refusing to work on Sunday.

17. The Commission incorporates by reference, paragraph 13 a through aa.

   a. Defendant Employer knew Carter held a sincere religious belief that precluded her from working on Sundays.

   b. Carter informed Defendant Employer when Defendant hired her as an EMT that she could not work on Sundays.

   c. Defendant Employer disciplined Carter when she called in on Sundays and did not appear for work.

   d. Defendant Employer eventually discharged Carter because she refused to report to work on a Sunday due to Defendant Employer's failure to provide Carter with a religious accommodation.

18. The effect of the unlawful employment practices complained of in paragraph 17 above has been to deprive Carter of equal employment opportunities and to otherwise

adversely affect her employment status as an employee because of her religious belief.

## RETALIATION CLAIM

19.     Since at least June 2015, Defendant Employer engaged in unlawful employment practices at its facility located at 6423 Shelbyview Drive, Suite #112, Memphis, TN 38134, in violation of Section 703 of Title VII, 42 U.S.C. 2000e-2.

20.     The unlawful employment practices include discharging Carter in retaliation for her attempts to obtain a reasonable accommodation for her religious belief.

    a.     The Commission incorporates by reference, paragraphs 13 a through aa.

    b.     Defendant Employer did not offer any religious accommodation to Carter.

    c.     Around the latter part of April and throughout the months of May and June, 2015, Carter continued to request a religious accommodation and to complain to Defendant Employer about her request.

    d.     Around June 14, 2015, Carter sent an email to Walls complaining about problems she experienced in scheduling off for June 14.

    e.     On June 19, 2015, Lawson told Carter her requests for Sundays off would not be automatically granted; and if Carter could not find anyone to swap with, she was responsible for covering the shift or must use paid time off.

    f.     Defendant Employer discharged Carter less than a week later and mentioned failing to show up for Sunday, June 14, and a seatbelt violation as the reasons for the termination.

21. The effect of the unlawful employment practices complained of in paragraph 20 above has been to deprive Carter of equal employment opportunities and to otherwise adversely affect her employment status as an employee because of her religious belief.

22. The unlawful employment practices complained of in paragraphs 13, 17, and 20 were intentional.

23. The unlawful employment practices complained of in paragraphs 13, 17, and 20 above were done with malice or with reckless indifference to the federally protected rights of Sonyaroi Carter.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, American Medical Response of Tennessee, Inc., its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying reasonable accommodations on account of religion and from discharging employees because of their religious beliefs and in retaliation for complaints about failure to provide a reasonable accommodation in violation of Title VII of the Civil Rights Act of 1964.

B. Order Defendant Employer, American Medical Response of Tennessee, Inc., to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons who may need reasonable accommodations on account of religion and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer, American Medical Response of Tennessee, Inc., to make whole Sonyaroi Carter by providing appropriate back pay with prejudgment

interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to interest, in amounts to be determined at trial.

D. Order Defendant Employer, American Medical Response of Tennessee, Inc., to make whole Sonyaroi Carter by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 and 18 above, including job search expenses, in amounts to be determined at trial.

E. Order Defendant Employer, American Medical Response of Tennessee, Inc., to make whole Sonyaroi Carter by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13 and 18 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer, American Medical Response of Tennessee, Inc., to pay Sonyaroi Carter punitive damages for its malicious and reckless conduct, as described in paragraphs 13 and 18 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

**JAMES L. LEE**
Acting General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel


**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

s/ Markeisha K. Savage
**MARKEISHA K. SAVAGE**
Trial Attorney
TN Bar No. 024693


**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Ave., Suite 900
Memphis, TN 38104
Telephone: 901.544.0133
Facsimile: 901.544.0111
markeisha.savage@eeoc.gov